IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| JACKIE L. SCHMITT<br><br>            Plaintiff,<br>v.<br><br>JO ANNE B. BARNHART, Commissioner of<br>Social Security,<br><br>            Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 1:06cv00074 DB<br>Judge Dee Benson |

Before the Court is an action filed by Jackie L. Schmitt requesting judicial review of the Commissioner of Social Security's denial of her claim for Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. §§ 401-433 (2000).

**I. Procedural History**

Ms. Schmitt applied for disability insurance benefits on July 16, 2003 alleging an onset date of November 12, 1999, due to fibromyalgia, pain, fatigue and depression.  (Admin. R. 59.) The Commissioner denied her application initially and upon reconsideration.  (Admin. R.  55.) Following a May 19, 2005 hearing, the ALJ issued a decision that Ms. Schmitt was not disabled because she could perform other work in the national economy.  (Admin. R.  16-29.)  After denial of review by the Appeals Court, the plaintiff had exhausted her administrative remedies and the ALJ's decision became final under 42 U.S.C. § 405(g).

Ms. Schmitt argues that the Court should reverse the Commissioner's decision, or remand the matter to the Commissioner for another hearing, because the ALJ erred by failing to adequately discuss or adopt the opinions of her treating physician in two specific functional areas.

## II. Background

The Social Security Administration (SSA) determines whether a claimant is disabled for purposes of receiving Disability Insurance Benefits (DIB) through a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]  First, the SSA considers if a claimant is engaged in gainful activity.  Second, the SSA examines whether the claimant has a severe medically determinable physical or mental impairment.  Third, the SSA determines whether the claimant's impairments meet a listed impairment or equals in severity one of the listed impairments.  If a listed impairment is not met or equaled, then the SSA makes an assessment of the claimant's Residual Functional Capacity (RFC).  The RFC is used to describe the claimant's remaining work abilities and is used in the fourth and fifth steps.  Fourth, the SSA decides whether the claimant's RFC will permit her to do past relevant work.  Fifth, if claimant cannot do past relevant work the SSA must establish that the claimant's RFC and vocational factors (i.e. age, education, and work experience) permit her to make an adjustment to other work.  The claimant has the burden of proving her disability through step four.  If the claimant carries her burden, the burden shifts to the SSA to prove she is disabled in step five.  *See Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

The ALJ followed the five-step process in deciding whether Ms. Schmitt was disabled.  The ALJ determined first, that Ms. Schmitt had not engaged in substantial gainful activity.  Second, the ALJ found that  the Ms. Schmitt suffers from a severe impairment or combination of impairments.  Specifically, the ALJ found that Ms. Schmitt suffers from affective/mood disorders, an anxiety related disorder, and from fibromyalgia.  Third,  the ALJ found that Ms.

---

[1] If the SSA can decide conclusively at any step in the process that the claimant is or is not disabled then the evaluation stops at that step.

Schmitt's impairments were not listed nor medically equivalent to listed impairments in 20 C.F.R. 404, subpt. P.  The ALJ found that Ms. Schmitt only had mild restrictions in activities of daily living and in social contacts, and that Ms. Schmitt's impairments did not medically equal the requirements of a listed impairment, together or singly.  (Admin. R.  18.)  Fourth, the ALJ found that the impairments prevented Ms. Schmitt from performing the work she previously performed.  Finally, at step five, the ALJ concluded that Ms. Schmitt was "not disabled" because there were other jobs that she could perform.  Based on the testimony of the vocational expert, the ALJ determined that Ms. Schmitt could work as a telephone answering operator, appointment clerk, and insurance clerk and therefore was not disabled.  (Admin. R.  28.)

### III. Analysis

The Court reviews the Commissioner's decision to determine whether the factual findings were supported by substantial evidence and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *see Castellano v. Sec'y of Health & Human Serv*., 26 F.3d 1027, 1028 (10th Cir. 1994).  This Court "may neither reweigh the evidence nor substitute our judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2002).

Ms. Schmitt claims that the ALJ erred by failing to discuss or adopt the opinions of her treating physician, Dr. Roark Neville, in the following two specific functional areas.  First, Dr. Neville stated that Ms. Schmitt needs to take a break every hour for 15 minutes. (Admin. R. 465.)  Second, Dr. Neville stated that Ms. Schmitt would be absent from work at least four days each month.  *Id.*  Petitioner argues that if either of these opinions are adopted, she must be found disabled.

In evaluating the treating physician's opinion, the ALJ must first determine whether the

opinion is entitled to controlling weight.  "[A]n ALJ should keep in mind that it is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); SSR 96-2p, 1996 WL 374188, at 2; *see also* 20 C.F.R. § 404.1527(d)(2).  The ALJ specifically addressed and rejected both of the plaintiff's claims finding them not credible because of inconsistencies in Dr. Neville's assessment and because there were no clinical or laboratory tests to confirm his conclusions.

   The ALJ found that there was no clinical evidence to support Dr. Neville's opinion that Ms. Schmitt would likely be absent from work more than four times per month as a result of her impairments.  An ALJ must consider whether the opinion of the physician is "well-supported by medically acceptable clinical and laboratory diagnostic techniques."  SSR 96-2p, 1996 WL 374188, at 2.  The ALJ made clear that the opinions of Dr. Neville are "not fully accepted as they are not supported by the clinical records," including his own findings on examination.  (Admin. R.  25-26.)   Dr. Neville reported essentially that Ms. Schmitt has been unable to engage in sustained employment since 1999 despite the fact that Dr. Neville himself and all examining physicians indicated that Ms. Schmitt was capable of at least sedentary work. (Admin. R.  26.)  The ALJ noted that treatment for 2003 had been "conservative," and that the objective clinical and laboratory findings after June 2003, failed to establish any worsening of her condition.  *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *see e.g. White,* 287 F.3d at 907-08 (finding that when a treating physician's residual functioning capacity assessment changes between two reports but there is no change in the condition of the claimant,

this is reason to reject the treating physicians' opinion).

The ALJ also considered the evidence of Ms. Schmitt's longstanding bipolar disorder. The record does not establish that the Ms. Schmitt's ability to understand or carry out instructions is compromised by her bipolar condition. The record indicates that she can follow 3-step instructions, and that because of her condition, unusually stressful situations should be avoided. (Admin. R. 26.) The ALJ examined the evidence and Ms. Schmitt's testimony that her inability to work is due to the fact that she needs to spend a good portion of the day lying down. (Admin. R. 26.) Again, there is no laboratory or clinical evidence to support this during the period at issue. The ALJ properly discussed Ms. Schmitt's activity level during the period. For example, Ms. Schmitt attended school in 2001 and 2002, and also during the period at issue cared for her grandchildren at her home. The ALJ determined appropriately that her activity level had not been so limited that she could not have worked, given the physical and emotional demand that caring for children and attending school requires.

Furthermore, the ALJ properly considered Ms. Schmitt's subjective complaints of pain and limitations but found that "the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (Admin. R. 25.) "Subjective testimony that the claimant suffers pain by itself cannot establish a finding of disability. By statute, objective medical evidence must establish an impairment that reasonably could be expected to produce the alleged pain, and statements regarding the intensity and persistence of the pain must be consistent with the medical findings and signs." *Gossett v. Bowen*, 862 F.2d 802, 806 (10th Cir. 1988).

## IV. Conclusion

For the foregoing reasons, this court AFFIRMS the Commissioner's decision.

Dated this 12th day of July, 2007.

_____
Dee Benson
United States District Court Judge